## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER E. McDOWELL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0667 |
| | : | |
| DEPARTMENT OF HUMAN | : | |
| SERVICES, *et al.*, | : | |
| Defendants. | : | |

### <u>MEMORANDUM</u>

**ROBRENO, J.**                                              **FEBRUARY 25, 2022**

Currently before the Court are a Motion to Proceed *In Forma Pauperis* and a civil Complaint filed by Plaintiff Jennifer E. McDowell raising claims based on a Department of Human Services investigation that allegedly incorporated psychological manipulation and other techniques to deprive McDowell of shelter, income, and her children.  (ECF Nos. 1 & 2.)  For the following reasons, the Court will grant McDowell leave to proceed *in forma pauperis* and dismiss her Complaint.

## I.    FACTUAL ALLEGATIONS AND LITIGATION HISTORY[1]

Since McDowell's Complaint repeats allegations she made in a recently dismissed civil action she filed prior to initiating this case, the Court will provide the relevant background.  On October 25, 2021, McDowell filed a motion to proceed *in forma pauperis* and a civil complaint

---

[1] The following facts are taken from the Complaint and the publicly available docket for a prior civil action filed by McDowell, of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

against the Department of Human Services and Sabrina Afth, which was docketed as Civil

Action Number 21-4756, and which raised claims pursuant to 42 U.S.C. § 1983 for violation of

McDowell's due process and equal protection rights.  *McDowell v. Dep't of Hum. Servs.*, No. 21-

4756, 2022 WL 394756, at *1 (E.D. Pa. Feb. 9, 2022).  The gist of McDowell's allegations was

"that DHS [was] attempting to destroy her life by constantly surveilling her, turning her

employers, landlords, relatives, and others against her, and interfering with her day-to-day life

by, among other things, encouraging others to 'gang-stalk' and harass her" in connection with a

DHS investigation against her.  *Id.* at *4.  The Court initially denied McDowell's motion to

proceed *in forma pauperis* without prejudice due to unclear financial information.  *Id.* at *2.  The

Court also denied several of McDowell's requests for emergency relief in the form of either a

temporary restraining order or a preliminary injunction filed at the outset of the case.  *Id.*

Following entry of an order giving McDowell an additional opportunity to comply with

the Court's directive that she either pay the fees or file an amended motion to proceed *in forma*

*pauperis*, McDowell cured the defects in her *in forma pauperis* motion and was granted *in forma*

*pauperis* status.  *Id.* at *2-*3.  Although McDowell filed four documents reflecting her desire to

add numerous defendants to the case, and although she was given two opportunities to file a

"comprehensive amended complaint," she did not do so, although she submitted a document

titled "Amended Petition for Review" with exhibits, which was titled for another court and

appeared to duplicate an attachment to her initial complaint.[2]  *Id.* at *2-*4.  In a February 9, 2022

---

[2] The document related to "an appeal filed by McDowell from an order of the Philadelphia Court
of Common Pleas, which dismissed her emergency motion for a protection order based on
allegations similar to those at issue in [Civil Action Number 21-4756]."  *Id.* at *2 (citing
*McDowell v. Dep't of Human Servs.*, 264 A.3d 832 (Pa. Commw. Ct. 2021) (unpublished table
disposition), *reconsideration denied* (Nov. 8, 2021)).

Memorandum and Order, the Court dismissed McDowell's complaint with prejudice as factually baseless, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), in light of the extensive nature of the conspiracy she alleged.[3]  *Id.* at *4.  The Court's Memorandum and Order were served on McDowell via email on February 10, 2022.  (Civ. A. No. 21-4756 (ECF No. 23).)

The next day, McDowell initiated the instant civil action.[4]  Her Complaint names the following Defendants:  (1) the Department of Human Services ("DHS"); (2) Shamirra Lloyd; (3) "Northeast Treatment Center CUA 1"; (4) Jane Addams Shelter; (5) Lutheran Settlement House; and (6) Apple Tree Family Central Intake Center.  (Compl. at 1-3.)[5]  McDowell represents that she is bringing claims pursuant to § 1983 for violation of several of her constitutional rights, including her due process and equal protection rights.  (*Id.* at 3.)

McDowell's allegations are at times difficult to understand, yet similar to the allegations she raised in Civil Action Number 21-4756 concerning a DHS investigation against her that allegedly expanded into control over her daily life and, among other things, caused her children to be removed from her care.  She alleges that DHS took custody of one of her daughters based on lies that McDowell assaulted a police officer and suffers from a "mental thought process

---

[3] Although the Court considered McDowell's initial Complaint to be the governing pleading given McDowell's failure to file a comprehensive amended complaint despite being afforded opportunities to do so, it "consider[ed] the record as a whole in light of McDowell's *pro se* status to give McDowell the broadest possible construction of her claims."  *Id.* at *4.

[4] It appears from a time stamp on the Complaint that McDowell submitted it at 9:10 p.m. on February 11, 2022, using the Court's drop box for after-hours submissions.  (Compl. at 1.) McDowell's Complaint and Motion to Proceed *In Forma Pauperis* were docketed in the instant matter on February 22, 2022.

[5] The Court adopts the pagination supplied by the CM/ECF docketing system.

disorder."[6]  (*Id.* at 4.)  McDowell claims she was "threaten[ed]" by Defendant Lloyd, a social

worker employed at Defendant Northeast Treatment Center CUA 1, when Lloyd stated that "she

has a court order stating that [McDowell's daughter] . . . does not want to see [McDowell] as a

threat."  (*Id.*)  McDowell alleges that she did not question Lloyd because she was under

investigation, apparently by DHS in connection with the alleged assault of an officer.  (*Id.*)  She

claims that DHS "premeditated the entire situation" for the purpose of keeping open two child

dependency cases that lacked "substantial leads."  (*Id.*)  According to McDowell, DHS has

brainwashed her daughter by "control[ling] [her] psychologically through classical and Operant

conditioning."  (*Id.*)  McDowell also claims to have been subjected to "[m]any forms of

psychological investigations" by DHS.  (*Id.*)

McDowell alleges, among other things, that she and her family were under "documented

extreme severe, and strict surveillance by DHS which included all of [her] digital devices" due to

child welfare reports filed against her.  (*Id.* at 5.)  DHS, as part of its efforts against McDowell,

allegedly solicited Defendant Jane Addams Shelter and staff of Defendant Lutheran Settlement

House "to drive [her] and her children into a (psychological) manic state and crisis."  (*Id.*)  It

appears McDowell and her children were staying at the Jane Addams Shelter via a referral from

Defendant Apple Tree Family Central Intake Center, where McDowell claims to have

"witness[ed] and experienced staff intentionally from all three organizations implementing

Operant and Classical Conditioning to induce and control [her]" and, apparently, her children.

(*Id.*)  She believes that these three organizations — Apple Tree Family Central Intake Center,

---

[6] Although it appears that both of McDowell's children were in DHS custody, the Complaint focuses more on her daughter B.M.J.

Jane Addams Shelter, and Lutheran Settlement House — were under DHS's control and were acting in furtherance of DHS's investigation against her.  (*Id.* at 7.)

In elaborating on her allegations, McDowell repeats similar allegations to those raised in Civil Action Number 21-4756.  She claims that, in connection with its investigation of her and its open cases against her, DHS participated in "Gang stalking" by using her landlord and employers in a plot against her, which deprived her of housing and opportunities to earn an income.  (*Id.* at 7-13.)  She describes various tactics allegedly resorted to by DHS, including "real time surveillance in the form of ambulance, police siren, or fast loud driven cars" and installing a 'mechanism" in her home that "implemented designated timed aggressive smacks on the wall and other implemented created varied sound."  (*Id.* at 13.)

In the portion of the form complaint used by McDowell that prompts the drafter to describe her injuries, McDowell alleges that her daughter B.M.J. has been "psychological[ly] bruised" and sexually assaulted in violation of her constitutional rights.  (*Id.* at 5.)  McDowell also asserts that she has been denied her right to "establish a home" and raise her children.  (*Id.*)  She does not clearly specify the relief she seeks from the Court.

## II.    STANDARD OF REVIEW

The Court grants McDowell leave to proceed *in forma pauperis* because it appears that she is not capable of prepaying the fees to commence this civil action.  Accordingly, the Court must dismiss McDowell's Complaint if, among other things, it is frivolous or fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless . . . ."  *Id.* at 327.   "[A] finding of factual frivolousness is appropriate when the facts

alleged rise to the level of the irrational or the wholly incredible[.]"  *Denton v. Hernandez*, 504

U.S. 25, 33 (1992).   A claim is legally baseless if it is "based on an indisputably meritless legal

theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).   Conclusory allegations do not suffice.  *Id*.  Additionally, "*[r]es judicata* is

a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)."  *Gimenez v. Morgan Stanley DW,
Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*).

## III.   DISCUSSION

### A.  Claims Raised on Behalf of McDowell's Children

It appears that McDowell in part intends to raise claims on behalf of her minor daughter

or daughters based on harm they allegedly suffered due to the Defendants' actions.   "[A] plaintiff

must assert his or her own legal interests rather than those of a third party" to have standing to

bring a claim.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir.

2011) (quotations omitted)).   Additionally, *pro se* litigants who are not attorneys may not

represent anyone else in federal court, including their children.  *See Osei-Afriyie v. Med. Coll. of
Pa.*, 937 F.2d 876, 882-3 (3d Cir. 1991) (father could not pursue claims on behalf of minor

children); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d

Cir. 2002) (*per curiam*) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer.").  For these reasons, any claims that McDowell brings on behalf of her children must be dismissed without prejudice for lack of standing.  *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, Civ. A. No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter.").

### B.  McDowell's Claims

Some of McDowell's claims are precluded by her prior lawsuit.  The doctrine of *res judicata*, also known as claim preclusion, bars claims that were brought or could have been brought in a previous action.  *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).  Three elements are required for *res judicata* to apply:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  "A dismissal under the *in forma pauperis* statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim."  *Gimenez*, 202 F. App'x at 584.  Since McDowell's claims against DHS essentially duplicate the claims that were finally dismissed in Civil Action Number 21-4756, the Court concludes that McDowell's claims against DHS are precluded.[7]

---

[7] Although Defendants Apple Tree Family Central Intake Center, Jane Addams Shelter, and Lutheran Settlement House were among the Defendants whom McDowell sought to add as defendants in Civil Action Number 21-4756, she never filed a proper amended complaint naming

In any event, McDowell's claims against DHS, as well as her claims against the remaining Defendants fail because they lack a basis in fact. As with her prior lawsuit, the gist of McDowell's allegations in this case is that DHS, in connection with its investigation into child welfare matters opened against her, is constantly surveilling her, encouraging the other Defendants and her former employers to turn against her to deprive her of housing and income, and, among other things, "gang stalk" her and subject her to psychological manipulations. Given the complexity of this alleged conspiracy, including its scope, duration, and character, the Court concludes that McDowell's allegations lack a basis in fact. *See, e.g.*, *West v. United States*, 779 F. App'x 148, 149 (3d Cir. 2019) (*per curiam*) ("After carefully reviewing West's lengthy complaint and his voluminous attachments, we agree with the District Court that dismissal was proper, as West seeks relief based on his contention that he has suffered a 'covert civil death' over the course of decades due to the alleged actions of countless individuals across the world."); *Lewis-Davis v. PEC-Gloria's Place*, No. 21-2180, 2021 WL 3271150, at *4 (E.D. Pa. July 28, 2021) (concluding that allegations lacked basis in fact when plaintiff alleged that a shelter where she was staying was "misusing her private electronic communications against her" to retaliate against her for filing complaints about a former employer in a different state); *Khalil v. United States*, No. 17-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (finding plaintiff's allegations "wholly incredible" when he alleged "a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors"). Accordingly, the Court will dismiss McDowell's claims as factually baseless.

---

them as defendants. *McDowell*, 2022 WL 394756, at *2 n.2. Under the circumstances, the Court will not apply claim preclusion to McDowell's claims against these Defendants.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant McDowell leave to proceed *in forma pauperis* and dismiss her Complaint.  Any claims raised on behalf of McDowell's children will be dismissed without prejudice while McDowell's claims will be dismissed with prejudice because amendment of those claims would be futile.  An appropriate Order follows, dismissing this case.